MARY J. EWING v. CALEB B. BRYANT.

**Rescission of Contract—Recovery for Use and Occupation.**

Where in a contract to trade real estate one of the parties takes possession under the contract and has the use of the land for two years, and the contract is rescinded by a judgment of the court, the owner may recover the value of said use and occupation less the value of lasting improvements made thereon.

APPEAL FROM DAVIESS CIRCUIT COURT.

November 22, 1878.

OPINION BY JUDGE ELLIOTT:

Appellant exchanged a tract of twenty-eight and one-half acres of land near Owensboro for a lot in Owensboro, with appellee and his partner Jones. By the contract of exchange Jones and Bryant were to erect a house of certain dimensions on the exchanged lot and pay appellant some boot.

Appellant conveyed the tract of land to appellee, and his partner and appellee prove that he conveyed the house and lot to her, but no deed is exhibited.

After the completion of the house appellee and his partner tendered to appellant the house and lot, which she refused to accept and receive on the ground that the house had not been built according to the contract, and on appellant's action for rescission of the contract and after a litigation which lasted two or three years the appellee and his partner withdrew their answer and a rescission of the contract was adjudged in appellant's favor.

The appellee and Jones having received the possession of the tract of land deeded to them by appellant in 1872, and having used and cultivated it some two years, she brought this suit for such use and occupation against appellant, his partner Jones having died.

To this action appellee set up as a defense an agreement made at the rendition of the judgment of rescission that the judgment of rescission was to be a final settlement of all matters growing out of the contract of exchange of land between the parties and also set up as an off-set the value of the use of the house and lot exchanged for appellant's tract of land, and alleged that he built the house according to the contract and tendered it to appellant, and by her refusal to receive it he had been deprived of the use of it for two or three years. He alleged in addition that he had, while in possession of appellant's tract of land, made lasting and valuable improvements on it to the value of $100.

The charge that appellant's claim for the use and occupation of the land while in appellant's possession was compromised, and that she agreed to assert no such claim when the judgment of rescission was rendered, is not sustained by the evidence. Appellee proves that his attorney told him that such an understanding was had with appellant, and his attorney swears that the judgment of rescission was to settle all matters in dispute about the trade, as he understood from appellant, her attorney, or somebody else that he thought had authority to speak for her; but he does not remember with whom his

understanding was, and if he could name the person appellant might be able to prove that he had no authority to speak for her.

The claim for rent of the house and lot agreed to be exchanged with appellant for her tract of land must be considered as res adjudicata. By the judgment of rescission the court decided that appellant was never bound by her contract of exchange, which was in effect deciding that she rightly refused to receive either the possession or title to the house and lot then in dispute.

As appellant never occupied the house and lot the appellee can only claim the value of the use of it by sustaining the validity of the contract of exchange made with appellant, and as the court decided that she was not bound by the rescinding of that contract it must be regarded as conclusive between the parties.

The claim for improvements is sustained. The evidence conduces to prove about one hundred dollars' worth of improvements made on the land of appellant while in possession of Bryant and Jones, and it also conduces to prove that appellee and Jones enjoyed the possession and rents and profits of appellant's land for about two years, and that the fair value of the use of the land is one hundred dollars per year.

The claim by the appellee that the judgment of rescission is a bar to this action is not sustained by that record. In that suit appellant set up no claim for the rents or use and occupation of the land, for the occupation and use of which she brings this suit. She sued for and obtained a rescission for alleged fraud.

The appellant is entitled to one hundred dollars for each crop season that her premises were occupied by appellee and Jones, subject to an off-set of one hundred dollars for lasting valuable improvements made on the premises during such occupation, and the court below will adjudge accordingly.

Wherefore the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Little & Slack, for appellant.    Owen & Ellis, for appellee.*